John G. Kissane
Celinda J. Metro
Watson Farley & Williams LLP
250 West 55th Street
New York, New York 10019
Tel: (212) 922-2200
Fax: (212) 922-1512
Email: jkissane@wfw.com
         cmetro@wfw.com

Counsel to Intervenor Plaintiffs JMB
Shipping ATB 284, LLC, JMB Shipping
ATB 220, LLC, and JMB Shipping ATB
205, LLC

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Glander International Bunkering Inc.<br><br>Plaintiff,<br><br>v.<br><br>M/V TERESA (IMO 9175016), *in rem*,<br><br>Defendant. | Civil Action No. 1:21-cv-06830-WFK-TAM<br><br>**VERIFIED COMPLAINT IN INTERVENTION WITH REQUEST FOR ISSUANCE OF WRIT OF ATTACHMENT** |

Intervenor Plaintiffs JMB Shipping ATB 284, LLC ("JMB 284"), JMB Shipping ATB 220, LLC ("JMB 220"), and JMB Shipping ATB 205, LLC ("JMB 205"; together with JMB 284 and JMB 220, "JMB Shipping"), by way of their Verified Complaint in Intervention with Request for Issuance of Writ of Attachment against Defendant Unico Marine LLC, Inc. ("Unico Marine"), alleges as follows:

### NATURE OF THE ACTION

1. This action arises from Unico Marine's unlawful breach of bareboat charter party agreements it entered into with JMB 284, JMB 220, and JMB 205. This action is brought

pursuant to the Federal Arbitration Act, 9 U.S.C. § 8, for the purpose of obtaining security for pending arbitrations, Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims (the "Supplemental Rule[s]") for attachment of the Vessel, and Local Admiralty Rule E.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rule[s]") pertaining to intervenors' claims.

## THE PARTIES

2.   Intervenor JMB 284 was and is at all material times a company organized and operating pursuant to the laws of the State of Delaware, with a principal business location at 205 South Martel Avenue, Los Angeles, California 90036. JMB 284 was and is at all material times the registered owner of the M/V RUBIA and Barge UMS 284 (collectively, the "284 Unit").

3.   Intervenor JMB 205 was and is at all material times a company organized and operating pursuant to the laws of the State of Delaware, with a principal business location at 205 South Martel Avenue, Los Angeles, California 90036. JMB 205 was at all material times the registered owner of the M/V BELLA and Barge UMS 205 (collectively, the "205 Unit").

4.   Intervenor JMB 220 was and is at all material times a company organized and operating pursuant to the laws of the State of Delaware, with a principal business location at 205 South Martel Avenue, Los Angeles, California 90036. JMB 220 was and is at all material times the registered owner of the M/V MORENA and Barge UMS 220 (collectively, the "220 Unit").

5.   Made Defendant herein is Unico Marine Services, LLC ("Unico Marine") a company at all material times organized and operating pursuant to the laws of the State of Texas with a principal business location at 3773 Richmond Avenue, Suite 565, Houston, Texas 77046. Unico Marine was and is at all material times the registered owner of the Defendant M/V TERESA and barge ACADIA

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1333 and Supplemental Rule B because the M/V TERESA and barge ACADIA are presently within the jurisdiction of the Eastern District of New York. Further, the M/V TERESA is presently under arrest under Admiralty Rule C in this matter.

7. Venue in the United States District Court for the Eastern District of New York is proper pursuant to Admiralty Rule B because Unico Marine is a non-resident of the State of New York with property located within this district.

## FACTUAL ALLEGATIONS

### Unico Marine's Charters of the 284 Unit, 205 Unit, and 220 Unit

8. At all material times, Unico Marine was a party to three Bareboat Charter Agreements (the "284 Agreement," the "205 Agreement," and the "220 Agreement"; collectively, the "Bareboat Charter Agreements") by which Unico Marine chartered the 284 Unit, the 205 Unit, and the 220 Unit from JMB 284, JMB 205, and JMB 220, respectively. Although Unico Marine originally entered into the Bareboat Charter Agreements with the Units' prior owner, Bouchard Transportation Co, Inc. ("Bouchard"), the Units were all acquired by JMB Capital Partners Lending, LLC entities and the Bareboat Charter Agreements assumed by them through the judicial auction of Bouchard's assets in *In re: Bouchard Transportation Co., Inc.*, U.S. District Court for the Southern District of Texas Case No. 20-34682 (the "Bouchard Bankruptcy"). *See* Notice of Filing Asset Purchase Agreements, Bouchard Bankruptcy ECF No. 1124. *See also* Notice of Successful Bidders and Backup Bidders With Respect to the Auction of the Debtors' Assets, Bouchard Bankruptcy ECF No. 1114. JMB Capital Partners Lending, LLC thereafter transferred ownership of the 284 Unit to JMB 284; transferred ownership of the 205 Unit to JMB 205; and transferred ownership of the 220 Unit to JMB 220.

9. As a result of the foregoing, at all material times relevant to this action:

   a) The 284 Agreement is a maritime contract between Unico Marine and JMB 284 governing the charter of the 284 Unit;

   b) The 205 Agreement is a maritime contract between Unico Marine and JMB 205 governing the charter of the 205 Unit;

   c) The 220 Agreement is a maritime contract between Unico Marine and JMB 220 governing the charter of the 220 Unit.

### Unico Marine's Breach of the 284 Agreement

10. Under the terms of the 284 Agreement, Unico Marine agreed to bareboat or demise charter the 284 Unit in exchange for monthly charter hire of $9,500.00 per calendar day or part thereof for the Agreement's initial Term of six (6) months from date of delivery, ending on December 27, 2021. *See* Ex. 1, 284 Agreement, Cl. 6. The Agreement provides that charter hire is "payable monthly in advance on the first day of each month, or if the 1st falls on a non-banking day, the last banking day of the previous month, by CHARTERER to OWNERS."

11. Unico Marine failed to pay charter hire for the M/V RUBIA and UMS 284 for the month of October when hire came due on October 1, 2021.

12. On October 4, 2021, Unico Marine informed JMB Shipping that it intended to breach the 284 Agreement the following day by ceasing performance as charterer and redelivering the 284 Unit the following day, October 5, 2021. (*See* Ex. 2, Notice of Redelivery). Unico Marine proceeded to "redeliver" the 284 Unit on or about October 7, 2021, by effectively abandoning the 284 Unit and its crew at a dock in New Jersey. In the interest of preserving the 284 Unit and ensuring that crew necessary for her safekeeping remain onboard despite Unico Marine's breach and abandonment, JMB 284 retook possession of the 284 Unit under protest.

13. As a result of Unico Marine's breach of the 284 Agreement, JMB 284 suffered damages of $699,052 including but not limited to: loss of profits in the form of unpaid charter hire; increased expenses for preservation of the 284 Unit and maintenance of their remaining crew; berthage, provisions, and other expenses; costs for repairs and deferred maintenance arising during Unico Marine's charter; management costs; and attorneys' fees and costs, all of which are recoverable as damages against Unico Marine for breach of the 284 Agreement.

14. JMB 284 incurred attorneys' fees and reasonable costs of mitigation in the amount of $50,069 as a result of Unico Marine's breach of the 284 Agreement.

15. In sum, taking into account attorneys' fees, mitigation efforts, and a credit due to Unico Marine of $101,075 for fuel, lube oils, and spare parts and equipment onboard the 284 Unit at the time of JMB 284's retaking of possession, JMB 284's net damages arising out of Unico Marine's breach of the 284 Agreement are in the present amount of **$597,977.**

### Unico Marine's Breach of the 205 Agreement

16. Under the terms of the 205 Agreement, Unico Marine agreed to bareboat or demise charter the 205 Unit in exchange for monthly charter hire of $8,600.00 per calendar day or part thereof for the Agreement's initial Term of six (6) months from date of delivery, ending on February 17, 2022. *See* Ex. 3, 205 Agreement, Cl. 6. The Agreement provides that charter hire is "payable monthly in advance on the first day of each month, or if the 1st falls on a non-banking day, the last banking day of the previous month, by CHARTERERS to OWNERS." *Id.*

17. Per the terms of the Agreement, JMB 205 issued an invoice to Unico Marine on September 23, 2021 (Invoice No. 3) in the amount of $259,935. *See* Ex. 4, Invoice No. 3, attached hereto as Exhibit 5.

18. Unico Marine did not make any payment to JMB Shipping for Invoice No. 3 by October 1, 2021, nor in the three day cure period allowed under the 205 Agreement. Unico Marine's failure to timely pay charter hire constitutes a material breach of the 205 Agreement.

19. In addition, Clause 10 of the 205 Agreement provides that "[d]uring the term of this AGREEMENT, CHARTERER, at its sole cost and expenses, shall maintain, service, repair and preserve the VESSEL and its equipment in accordance with good commercial maintenance practices, in compliance with any currently existing and currently required Class, Flag, or U.S. Coast Guard or other U.S. governmental authorities, or other Port State Control requirements, and in substantially the same condition as when received from the OWNER, ordinary wear and tear excepted."

20. Unico Marine breached Clause 10 of the 205 Agreement by failing to maintain the vessel and failing to conduct necessary repairs. As a result of Unico Marine's breach of Clause 10, JMB 205 has incurred damages in the present amount of $340,641.

21. In addition, Clause 19 of the 205 Agreement provides: "Neither CHARTERER nor any other person shall have the right, power or authority to create, incur or permit to be placed or imposed upon the VESSEL any lien or encumbrance whatsoever." Clause 15 of the 205 Agreement then provides, in relevant part: "CHARTERER shall fully protect OWNERS against the consequences of the CHARTERER's use, employment, possession, control, charter, operation, navigation, manning, maintenance, management, and work of the VESSEL. Accordingly, CHARTERER agrees to fully protect, defend, hold harmless and indemnify (including reimbursement of attorney's fees and costs) OWNERS and the VESSEL from and against any and all claims, demands, causes of action… liabilities, judgments, liens, [and]

losses… arising out of or in any way connected with or in consequence to CHARTERER's use, employment, [or] operation" of the 205 Unit.

22. Unico Marine breached Clause 19 of the 205 Agreement by permitting liens to accrue against the 205 Unit, which liens have been paid by JMB 205. Unico Marine further breached Clause 15 of the 205 Agreement by failing to defend, hold harmless, and indemnify JMB 205 against those claims, liens, and liabilities. JMB Shipping has incurred damages in the present amount of $546,0160 as a result of liens incurred against the 205 Unit by Unico Marine.

23. In addition, Clause 20 of the 205 Agreement provides that "[i]f CHARTERER shall fail to pay any charter hire due for more than three (3) banking days after the due date thereof (subject to notice and cure period), or if CHARTERER shall fail to perform or comply with any other material provision of this AGREEMENT… OWNERS may retake possession of the VESSEL, wherever found, without prior demand and without legal process."

24. As a result of Unico Marine's breaches of the 205 Agreement, on or about October 7, 2021, JMB 205 caused the arrest of the 205 Unit pursuant to Admiralty Rule D in the Eastern District of Louisiana to retake possession of the 205 Unit. Rather than surrender possession as required by Clause 20, Unico Marine opposed JMB 205's effort to retake possession of the 205 Unit, resulting in a lengthy delay during which the 205 Unit remained under *custodia legis* in New Orleans, Louisiana. As a result, JMB 205 incurred berthage fees, expenses for crew wages, custodial fees, and other costs and expenses totaling $331,577.00.

25. In addition, as a result of Unico Marine's breach of the 205 Agreement, JMB 205 lost future charter hire for the months of November and December, 2021, while it sought substitute charter arrangements to mitigate its damages. JMB 220 incurred damages of $637,817.00 for lost charter hire caused by Unico Marine's breaches.

26. JMB 205 incurred attorneys fees and reasonable costs of mitigation in the amount of $106,419 as a result of Unico Marine's breach of the 205 Agreement.

27. In sum, taking into account a credit due to Unico Marine of $81,341 for fuel, lube oils, and spare parts and equipment onboard the 205 Unit at the time of JMB 205's retaking of possession, JMB 205's net damages arising out of Unico Marine's breach of the 205 Agreement are in the present amount of **$2,141,063.**

### Unico Marine's Breach of the 220 Agreement

28. Under the terms of the 220 Agreement, Unico Marine agreed to bareboat or demise charter the 220 Unit in exchange for monthly charter hire of $6,500.00 per calendar day or part thereof for the Agreement's initial Term of six (6) months from date of delivery, ending on December 27, 2021. *See* Ex. 5, 220 Agreement, Cl. 6. The Agreement provides that charter hire is "payable monthly in advance on the first day of each month, or if the 1st falls on a non-banking day, the last banking day of the previous month, by CHARTERERS to OWNERS." *Id.*

29. In breach of its obligations under the 220 Agreement, Unico Marine failed to pay charter hire due for the 220 Unit on October 1, 2021, and failed to cure that breach within three (3) days as permitted under the 220 Agreement.

30. In addition, Clause 10 of the 220 Agreement provides that "[d]uring the term of this AGREEMENT, CHARTERER, at its sole cost and expenses, shall maintain, service, repair and preserve the VESSEL and its equipment in accordance with good commercial maintenance practices, in compliance with any currently existing and currently required Class, Flag, or U.S. Coast Guard or other U.S. governmental authorities, or other Port State Control requirements, and in substantially the same condition as when received from the OWNER, ordinary wear and tear excepted."

31. Unico Marine breached Clause 10 of the 220 Agreement by failing to maintain the vessel and failing to conduct necessary repairs. As a result of Unico Marine's breach of Clause 10, JMB 220 has incurred damages in the present amount of $214,398.

32. In addition, Clause 20 of the 220 Agreement provides that "[i]f CHARTERER shall fail to pay any charter hire due for more than three (3) banking days after the due date thereof (subject to notice and cure period), or if CHARTERER shall fail to perform or comply with any other material provision of this AGREEMENT… OWNERS may retake possession of the VESSEL, wherever found, without prior demand and without legal process."

33. As a result of Unico Marine's breaches of the 220 Agreement, on or about October 8, 2021, JMB 220 caused the arrest of the 220 Unit pursuant to Admiralty Rule D in the Middle District of Florida to retake possession of the 220 Unit. Rather than surrender possession as required by Clause 20 of the 220 Agreement, Unico Marine opposed JMB 220's effort to retake possession of the 220 Unit, resulting in a lengthy delay during which the 220 Unit remained under *custodia legis* in Florida. As a result, JMB 220 incurred berthage fees, expenses for crew wages, custodial fees, and other costs and expenses totaling $419,612.

34. In addition, as a result of Unico Marine's breach of the 220 Agreement, JMB 220 lost future charter hire for the months of November and December, 2021, while it sought substitute charter arrangements to mitigate its damages. JMB 220 incurred damages of $361,328 for lost charter hire caused by Unico Marine's breaches.

35. JMB 220 incurred attorneys' fees and reasonable costs of mitigation of damages in the amount of $106,419 as a result of Unico Marine's breach of the 220 Agreement.

36. In sum, taking into account a credit due to Unico Marine $70,549 for fuel, lube oils, and spare parts and equipment onboard the 220 Unit at the time of JMB 220's retaking of

possession, JMB 220's net damages arising out of Unico Marine's breach of the 220 Agreement are in the present amount of **$1,031,117.**

## COUNT ONE

### *Admiralty Rule B - Breach of Maritime Contracts*

37.  JMB 284, JMB 205, and JMB 220 repeat each and every allegation contained in those paragraphs of the Complaint marked and numbered one (1) through thirty-six (36), inclusive, with the same force and effect as though fully and at length set forth herein.

38.  Arbitrations have been commenced between Unico Marine and JMB 284, JMB 205, and JMB 220 before the Society of Maritime Arbitrators in New York. Those arbitrations have recently been consolidated.

39.  Pursuant to the Federal Arbitration Act, 9 U.S.C. § 8:

> If the basis of jurisdiction be a cause of action otherwise justiciable in admiralty, then, notwithstanding anything herein to the contrary, the party claiming to be aggrieved may begin his proceeding hereunder by libel and seizure of the vessel or other property of the other party according to the usual course of admiralty proceedings, and the court shall then have jurisdiction to direct the parties to proceed with the arbitration and shall retain jurisdiction to enter its decree upon the award.

40.  JMB 284, JMB 205, and JMB 220 are permitted by 9 U.S.C. § 8 to commence this action against Unico Marine for the purposes of obtaining security for their pending arbitrations.

41.  Unico Marine does not possess a duly appointed agent for service of process in the Eastern District of New York. Accordingly, Unico Marine cannot be found in, and is not a resident of, the Eastern District of New York as that term is used in Admiralty Rule B.

42.  However, Unico Marine does possess property within the District, *to wit*, the M/V TERESA (IMO 9175016) and barge ACADIA. The M/V TERESA is presently under arrest in

the action pursuant to a warrant issued at the request of Glander International Bunkering, Inc. The ACADIA is presently located in the Brooklyn Navy Yard at or near Drydock 1.

43. The M/V TERESA and ACADIA are both part of an integrated tug-barge unit, and upon information and belief under the control of the same Master.

44. Pursuant to ECF No. 15, the Master of the M/V TERESA has been appointed Substitute Custodian of the M/V TERESA in the pending action.

45. Unico Marine's breach of maritime contracts gives rise to an action under Supplemental Admiralty Rule B and grants JMB Shipping the right to attach assets of Unico Marine.

**WHEREFORE**, the JMB Shipping respectfully prays:

A. That its Verified Complaint in Intervention with Request for Issuance of Writ of Attachment be deemed good and sufficient;

B. That the Clerk of this Court issue process of attachment of the M/V TERESA and barge ACADIA, together with all other property of defendant Unico Marine located within this district;

C. That the Court enter Judgment in favor of JMB 284, JMB 205, and JMB 220 in the sum of $3,770,157, or upon any final arbitration awards issued in their favor by the Society of Maritime Arbitrators pursuant to 9 U.S.C. § 8, together with pre-judgment and post-judgment interest, attorneys' fees, the costs of this suit, and such other relief as this Court may order.

D. That the Court award JMB 284, JMB 205, and JMB 220 their costs and expenses incurred in connection with this proceeding, including without limitation, all costs incurred in *custodia legis*;

E.      That the Court grant such other legal and equitable relief as this Court deems just and proper.

Dated: New York, New York
December 16, 2021

By: __/s/ John G. Kissane_____
John G. Kissane
Celinda J. Metro
Watson Farley & Williams LLP
250 West 55th Street
New York, New York 10019
Tel: (212) 922-2200
Fax: (212) 922-1512
Email: jkissane@wfw.com
       cmetro@wfw.com

*Attorneys for Intervenors JMB Shipping ATB 284, LLC, JMB Shipping ATB 205, LLC, and JMB Shipping ATB 220, LLC*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Glander International Bunkering Inc.<br><br>  Plaintiff,<br><br>v.<br><br>M/V TERESA (IMO 9175016), *in rem*,<br><br>  Defendant. | Civil Action No. 1:21-cv-06830 |

## VERIFICATION

Pursuant to 28 U.S.C. § 1746 (unsworn declaration under penalty of perjury in lieu of affidavit), Vikas Tandon, as duly authorized agent of JMB Shipping ATB 284, LLC, JMB Shipping ATB 205, LLC, and JMB Shipping ATB 220, LLC (collectively, "JMB Shipping") through their duly authorized agent, declares under penalty of perjury as follows:

1. That he is Chief Investment Officer for the Intervenors, JMB Shipping;

2. That he has reviewed the above and foregoing Verified Complaint in Intervention; that all of the allegations of fact therein contained are true and correct to the best of his knowledge, information, and belief; and that the exhibits attached thereto are true and correct copies of company records and other documents kept in the ordinary course of business;

3. This Declaration is executed on behalf of JMB Shipping by a duly authorized agent of the companies.

4. I declare under penalty of perjury that the forgoing is true and correct.

Executed in Los Angeles, State of California, _____ day of December 2021.

_____
JMB Shipping ATB 284, LLC

_____
JMB Shipping ATB 205, LLC

_____
JMB Shipping ATB 220, LLC

By: _____