UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Glander International Bunkering Inc.<br><br>Plaintiff,<br><br>v.<br><br>M/V TERESA (IMO 9175016), *in rem*,<br><br>Defendant. | Civil Action No. 1:21-cv-06830-WFK-TAM<br><br>ECF Case |
| JMB Shipping ATB 284, LLC, JMB Shipping ATB 220, LLC, and JMB Shipping ATB 205, LLC,<br><br>Intervening Plaintiffs,<br><br>v.<br><br>Unico Marine Services LLC, *in personam*.<br><br>Defendant. | **DECLARATION OF ALAN DAVIS IN SUPPORT OF JMB SHIPPING'S OPPOSITION TO VACATUR** |
| E.N. Bisso & Son, Inc.,<br><br>Intervening Plaintiff,<br><br>v.<br><br>M/V TERESA, *in rem*, BARGE ACADIA, *in rem*, and Unico Marine Services LLC, *in personam*.<br><br>Defendants. | |

I, Alan Davis, make the following Declaration under penalty of perjury pursuant to 28 U.S.C. § 1746.

1. I am an attorney licensed to practice in the State of Louisiana and a member of the firm Lugenbuhl, Wheaton, Peck, Rankin & Hubbard.

2. I make this Declaration based on personal knowledge I have obtained during my representation of JMB Shipping ATB 284, LLC ("JMB 284"), JMB Shipping ATB 205, LLC ("JMB 205"), and JMB Shipping ATB 220, LLC ("JMB 220"; collectively, "JMB Shipping") in relation to disputes between JMB Shipping and Unico Marine Services,

LLC ("Unico Marine") arising out of the bareboat charters of the M/V BELLA and barge UMS 205 (together, the "205 Unit"), the M/V MORENA and barge UMS 220 (together, the "220 Unit") and the M/V RUBIA and barge UMS 284 (together, the "284 Unit").

**Litigation History of 205 Unit and 220 Unit Seizures**

3. On October 7, 2021, JMB 205 caused the arrest of the 205 Unit pursuant to Admiralty Rule D in the U.S. District Court for the Eastern District of Louisiana.

4. On October 8, 2021, JMB 220 caused the arrest of the 220 Unit pursuant to Admiralty Rule D in the U.S. District Court for the Middle District of Florida.

5. The governing charter parties for the 205 Unit and the 220 Unit both provide at Clause 20 that "[i]f CHARTERER shall fail to pay any charter hire due for more than three (3) banking days after the due date thereof (subject to notice and cure period), or if CHARTERER shall fail to perform or comply with any other material provision of this AGREEMENT… OWNERS may retake possession of the VESSEL, wherever found, without prior demand and without legal process." (*See* ECF Nos. 16-3 and 16-5).

6. After seizing its own vessels under Admiralty Rule D to retake possession from Unico Marine, JMB Shipping promptly took steps to mitigate any downtime and resulting losses by arranging for another bareboat charterer to assume operation of the 220 Unit and 205 Unit. Although JMB Shipping was successful in lining up charterer, notwithstanding the clear language of the charter parties giving JMB Shipping the right to retake possession of its vessels in the event of default by Unico Marine, Unico Marine refused to surrender possession of the 220 Unit or 205 Unit to JMB Shipping. As a result, the vessels were in *custodia legis* from October 7-8, 2021 through November 23, 2021, during which period JMB Shipping incurred $590,441.00 in *custodia legis* expenses due to Unico Marine's

refusal to surrender the vessels. This constitutes a substantial portion of the claim for which JMB Shipping now seeks security.

**JMB Shipping has posted $14 million in security for Unico Marine's claims in the pending arbitrations.**

7. To obtain possession of its own vessels from Unico Marine, JMB Shipping was forced to post security of $14 million for what JMB Shipping believes are extremely inflated counter-claims of Unico Marine. Unico Marine remains the beneficiary of $14 million in cash security in a pair of escrow accounts funded by JMB Shipping – one for $5.6 million securing claims related to the 205 Unit, the other for $8.4 million securing claims related to the 220 Unit. Based on information provided to me by JMB Shipping and its commercial and chartering advisor, Portage Point Partners LLC, Unico Marine's claim amounts reflect unrealistic and highly speculative projections of the profits Unico Marine claims it would have made over seven 6-month charter terms stretching into 2025.

**JMB Shipping does not have any security for its claims in the pending arbitrations.**

8. JMB Shipping does not have any security for the claims asserted herein. Although it is true that JMB "took possession of all the bunker fuel, lubricants, and provisions owned by Unico Marine" on the 220 Unit and 205 Unit when JMB Shipping retook possession of those vessels, JMB accounted for that by subtracting the net value of the fuel and lube from the amount claimed in this lawsuit. These reductions are reflected in credits specifically addressed in Paragraphs 15, 27, and 36 of JMB Shipping's Complaint (Docket No. 16), which total $252,965. Again, JMB Shipping has, in good faith, deducted this sum from the claims asserted in this lawsuit, such that they claims asserted remain fully unsecured.

9. The parent guarantee by Unico Marine's "affiliate", Unico Commodities, likewise does not provide JMB Shipping any actual security for its claims. As evidence of that, on October 29, 2021, JMB 284 initiated a suit against Unico Commodities under the parent guarantee, which was executed by Unico Commodities in favor of the prior owner of the 284 Unit, Bouchard Transportation, Inc. (from whom JMB Shipping acquired the 284 Unit and assumed her charter party via a bankruptcy sale). Unico Commodities has made an appearance in that action only to request an extension of the deadline to answer, and counsel for Unico Commodities has represented that it intends to challenge that suit under Rule 12(b)(6). Further, JMB Shipping has not been provided any security for the action against Unico Commodities, and anticipates the same difficulties enforcing any judgment against Unico Commodities as it would against Unico Marine.

**Arbitration History**

10. On October 12, 2021, Unico Marine commenced arbitration under the 220 Agreement and 205 Agreement by appointment of LeRoy Lambert as its arbitrator.[1]

11. Two days later, on October 14, 2021, JMB Shipping responded by appointing its own arbitrator, George Tsimis, under the 220 Agreement and 205 Agreement.[2] In addition, JMB Shipping commenced arbitration under the 284 Agreement, again by appointing Mr. Tsimis as its arbitrator.[3] Mr. Mr. Lambert and Mr. Tsimis then appointed Richard Corwin to serve as Chairman of the Panel.[4]

12. On October 19, 2021, Patrick Lennon of the firm Lennon, Murphy & Phillips LLC ("LMP" or "Unico Counsel") made his first appearance as counsel for Unico Marine.

---

[1] *See* Exhibit 1.
[2] *See* Exhibit 2.
[3] *Id.*
[4] *See* Exhibit 3.

Unico Marine had previously been represented by Richard Gorman of the Texas firm Richard Gorman Law. In its first appearance, LMP advised the arbitration panel that it had "just been retained by Unico Marine in relation to" the arbitrations between JMB Shipping and Unico Marine, reserved the right to withdraw Unico Marine's arbitration demands (and Mr. Lambert's appointment), and requested that the arbitrations be "held in abeyance until [LMP] have had an opportunity to assess the situation and the parties' competing claims."[5]

13. On October 26, 2021, in response to JMB Shipping's request that the Panel provide its disclosures so that the arbitration could move forward, Mr. Lambert withdrew as Unico Marine's arbitrator without explanation.[6]

14. On October 28, 2021, LMP appointed Louis Scheinbaum to serve as its Replacement Arbitrator.[7]

15. After receiving and reviewing the disclosures of each member of the Panel, JMB Shipping accepted the Panel on November 12, 2021.[8]

16. Unico Marine did not accept the Panel constituted on October 28, 2021, until December 2, 2021.[9]

17. Since Unico Marine's acceptance of the Panel, the only action that has taken place relative to the arbitrations is an agreement between JMB Shipping and Unico Marine to consolidate the three arbitrations into one. This agreement was finalized and made known to the Panel on December 14, 2021. Notably, though, no briefing schedule has been set,

---

[5] *See* Exhibit 4.
[6] *Id.*
[7] *See* Exhibit 5.
[8] *See* Exhibit 6.
[9] *See* Exhibit 7.

nor have any hearing dates been chosen, nor has there yet been any discussion of either briefing schedules or hearing dates.

**Unico Marine's Registration of an Agent for Service of Process in the Southern District of New York**

18. On October 22, 2021, Unico Marine registered to do business in the State of New York and appointed an agent for service of process in the Southern District of New York. *See* Docket No. 35, ¶¶ 6-7.  This registration took place only two weeks after JMB Shipping filed its Admiralty Rule D actions against Unico, and only three days after LMP's appearance on Unico Marine's behalf in the arbitrations. Meanwhile, Unico Marine has been registered to do business in its home state of Texas since December 22, 2020.[10]

**The ATB TERESA/ACADIA is Unico Marine's Only Known Asset**

19. Unico Marine does not appear to have a website. The website of its corporate parent, Unico Commodities (www.unicocommodities.com), identifies a "Marine Transportation" division believed to be Unico Marine which has a "fleet" consisting of only the TERESA/ACADIA.[11] Likewise, Equasis.org (www.equasis.org), a commonly used online directory of vessels and vessel owners, indicates that Unico Marine's only vessel is the TERESA/ACADIA.[12] Notably, neither the Motion to Vacate by Unico Marine nor the supporting declaration of Mr. Valentini suggest otherwise.

**JMB Shipping's Payment of Unico Marine Debt to Glander International Bunkering, Ltd.**

20. On December 2, 2021, I was contacted by Stephen Simms, counsel for Glander International Bunkering, Ltd. ("Glander"), and advised that Unico Marine had outstanding invoices owed to Glander in the sum of $227,864.92 for fuel and lube oil

---

[10] *See* Exhibit 8.
[11] *See* Exhibit 9.
[12] *See* Exhibit 10.

ordered by Unico Marine and delivered to the 205 Unit during Unico Marine's term as charterer.[13] Because the fuel and lube oil were delivered to JMB Shipping's vessel on the order of her charterer (Unico Marine), and because Unico Marine failed to provide notice to Glander that it lacked authority under the governing charter party to incur liens against the vessel, the delivery created a lien against the 205 Unit for the full value of the fuel and lube oil delivered.

21. I forwarded these invoices to Unico Marine's counsel on December 2, 2021, with a request that Unico extinguish the lien that was incurred against the 205 Unit in violation of the terms of the 205 Agreement in order to prevent Glander from arresting the 205 Unit and interfering with JMB Shipping's current charter of that vessel.[14] I received no response to this initial request.

22. On December 7, 2021, after receiving another demand from Glander's counsel, I again requested that Unico Marine pay its invoices to avoid the arrest of JMB Shipping's vessel. Unico counsel's response was that he was communicating with Glander's counsel regularly, and that "[t]here are issues with regard to Glander's accounting and allocation of payments made by Unico that need to be resolved, which we are working on presently."[15]

23. On December 14, 2021, I received a third demand from Glander for payment of Unico Marine's debts in order to avoid the arrest of the 205 Unit the following day.[16] Having received no further response from Unico Marine, I requested evidence from Glander that

---

[13] *See* Exhibit 11.
[14] *See id*. The bareboat charter parties all state at Clause 19: ""Neither CHARTERER nor any other person shall have the right, power or authority to create, incur or permit to be placed or imposed upon the VESSEL any lien or encumbrance whatsoever."
[15] *Id.*
[16] *See* Exhibit 12.

Unico Marine still had not paid its invoices and thereby extinguished the lien against JMB Shipping's vessel. Glander's counsel then forwarded an email exchange with Unico Marine counsel that revealed that the "issues with regard to Glander's accounting and allocation" were in fact attempts by Unico Marine to re-allocate moneys previously paid *away* from JMB Shipping's vessels, and to instead apply those payments to Unico Marine's vessel, the TERESA.[17] Specifically, Unico Marine's counsel stated on December 13, 2021: "As well, the total amount outstanding on the Teresa still reflects an allocation of payments Unico specifically made on the Teresa, and which Glander accepted, and they claims [sic] to have allocated, in part, to the Bella – without Unico's agreement."[18] Thus, Unico Marine was retroactively attempting to *increase* the exposure to maritime liens of JMB Shipping's vessels for the benefit of Unico Marine's vessel. The exchange also confirmed that Unico Marine had no intention of making any payment to extinguish the lien it had wrongfully incurred against JMB Shipping's vessel. As Glander's counsel wrote: "We also understand that Unico won't, or at least isn't in the position to – including given claims against JWB – provide settlement on the BELLA, so, going back to JWB/Centerline counsel on that."[19]

24. The emails between Glander counsel and Unico Marine counsel further revealed that Unico Marine was negotiating to pay Glander's lien claim in this lawsuit primarily through the proceeds of the sale of the TERESA. Specifically, Unico Marine proposed payment in two tranches: the first, of $150,000, to be paid within 1 business day of the parties' confirmed agreement; and "the second tranche will be paid from the proceeds of

---

[17] *See* Exhibit 13.
[18] *Id.*
[19] *Id.* Mr. Simms has referred to JMB Shipping as "JWB" in several phone calls, and Centerline is a reference to JMB Shipping's new charterer.

the escrow money paid by the buyer on the sale of the Teresa" with Unico Marine "provid[ing] an assignment to Glander International of $340,684.59 of the sale proceeds…."[20]

25. As it appeared to JMB Shipping that Unico Marine had no intention of clearing liens on the 205 Unit, and was instead only working to pay off overdue debts on its own vessel, JMB Shipping settled Glander's lien claim for $216,015.81 in order to prevent the arrest of the 205 Unit. In exchange, Glander assigned to JMB Shipping its contractual claim against Unico in the sum of $272,749.98 in order for JMB Shipping to recover against Unico Marine. This sum is included in the claims asserted in this lawsuit, and for which JMB Shipping seeks security.

**JMB Shipping Payment of Unico Marine debt to E.N. Bisso & Sons, Inc.**

26. On November 29, 2021, I was contacted by Jean-Paul Richard of E.N. Bisso & Sons, Inc. ("E.N. Bisso"), a local harbor tug operator, regarding five outstanding invoices for serviced ordered by Unico Marine and delivered to the 205 Unit and 220 Unit prior to their seizures.[21] As with Glander, E.N. Bisso has never received payment from Unico Marine for the services it provided, and as a result was preparing to arrest the 205 Unit in New Orleans to assert its maritime lien against the vessel.

27. On November 30, 2021, I forwarded E.N. Bisso's invoices to Unico Marine counsel, again requesting that Unico Marine pay its invoices to prevent the arrest of JMB Shipping's vessels to enforce maritime liens against them that were wrongfully incurred by Unico Marine. Unico Marine's counsel responded initially that he would look into the

---

[20] *Id.*
[21] *See* Exhibit 14.

issue.[22] On December 2, 2021, counsel further advised that according to Unico Marine the debt had been resolved, and requested that I confirm this with E.N. Bisso.[23] Upon doing so, E.N. Bisso advised that Unico Marine had established a payment plan for invoices outstanding for Unico Marine's own vessel, the TERESA, but had not responded to requests for payment of invoices it incurred against JMB Shipping's vessels. E.N. Bisso has since confirmed this with emails and in an affidavit. Accordingly, it appears that – as it did with Glander – Unico Marine is intentionally avoiding paying debts it incurred with respect to JMB Shipping's vessels (which it knows JMB Shipping will be forced to pay to avoid the arrest of its vessels), while using what money it has to clear liens and claims against for its own vessel.

28. To avoid an arrest of the 205 Unit by E.N. Bisso, JMB Shipping has settled E.N. Bisso's invoices and, upon funding that settlement in the next few days, will obtain an assignment in the amount of $41,002.20, which will be included in the amount JMB Shipping seeks as security.

**JMB Shipping's Payment of Unico Marine's debt to Buck Kreihs**

29. On October 15, 2021, Buck Kreihs Marine Repair, L.L.C. ("Buck Kreihs") intervened in the Admiralty Rule D action filed by JMB Shipping in Louisiana to assert a claim for $342,868.00 against Unico Marine, *in personam*, and the 205 Unit, *in rem*.[24] Buck Kreihs did not asset any claim against JMB Shipping. As with Glander and E.N. Bisso, Buck Kreihs' claim arose out of services ordered by Unico Marine and delivered to the 205 Unit and 220 Unit prior to their seizures. As with Glander and E.N. Bisso, Buck Kreihs had not received any payment from Unico.

---

[22] *Id.*
[23] *See* Exhibit 15.
[24] *See* Exhibit 16.

30. On or about October 25, 2021, Buck Kreihs arrested the 205 Unit to enforce its maritime lien for the services ordered by Unico Marine.

31. On November 22, 2021, in order to obtain the release of its vessel from Buck Kreihs' arrest, JMB Shipping settled Buck Kreihs' claim for $330,000.00 in exchange for a full release of Buck Kreihs' lien and of Unico Marine.[25] This sum is included in the claims asserted in this lawsuit.

Dated: New Orleans, Louisiana
December 23, 2021

_____
Alan Davis

---

[25] *See* Exhibit 17.