UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
GLANDER INTERNATIONAL BUNKERING INC., : 21 CIV 6830 (WFK)(TAM)

                Plaintiff, : ECF CASE

    - against - :

M/V TERESA (IMO 9175016), *in rem* :

                Defendant. :
------------------------------------------------------------X
E.N. BISSO & SON, INC.,
                 :
                Intervening Plaintiff,
                 :
M/V TERESA (IMO 9175016), *in rem,* BARGE
ACADIA (O.N. 1049252), *in rem*, and UNICO :
MARINE SERVICES LLC, *in personam*,
                 :
                Defendants.
------------------------------------------------------------X
JMB SHIPPING ATB 284, LLC, JMB SHIPPING,
ATB 220, LLC, and JMB SHIPPING ATB 205, :
LLC
                Intervening Plaintiffs, :

UNICO MARINE SERVICES LLC, *in personam*, :

                Defendants. :
------------------------------------------------------------X

## SECOND DECLARATION OF RICCARDO VALENTINI
## PURSUANT TO 28 UNITED STATES CODE SECTION 1746

RICCARDO VALENTINI hereby declares as follows:

    1.    I am the Managing Member of the Defendant, Unico Marine Services LLC ("Unico Marine") in this action.

    2.    I make this Declaration in further support of Unico Marine's motion for interlocutory sale of the M/V TERESA and the Barge ACADIA (collectively the "*res*").

1

3. On December 3, 2021, Unico Marine and a purchaser signed a Memorandum of Agreement ("MOA") for the sale and purchase of the M/V TERESA and the Barge ACADIA. *See Dkt. No. 60 filed under seal.*

4. The MOA includes a strict confidentiality provision. To preserve the confidentiality of this planned private sale, I am not disclosing in this Declaration the name of the purchaser or the broker who negotiated the MOA, but I understand from our attorneys that an unredacted version of the MOA reflecting this information has been separately filed with the Court under seal. *Id.*

5. Because of the nature of the disputes between Unico Marine and the JMB plaintiffs, Unico Marine is genuinely concerned that JMB might attempt to contact the purchaser and/or the broker – which in turn could jeopardize the pending sale of the *res.*

6. Based upon discussions and due diligence conducted in connection with the negotiation of the MOA, the prospective purchaser of the *res* is a *bona fide* third-party purchaser for value and is not related to Unico Marine (or me) in any way and the purchase price to be paid by the purchaser is a *bona fide* purchase offer based upon the fair market value of the *res*.

7. I affirm that neither I, nor Unico Marine, nor any party or person affiliated with Unico Marine, will have an interest in or be involved, directly or indirectly, in the ownership, management or operation of the *res* after the sale to the purchaser.

8. Upon information and belief and based upon discussions and due diligence conducted in connection with the negotiation of the MOA, the prospective purchaser of the *res* is not a restricted or designated person or entity.

9. The sale is subject to cancellation by the purchaser if the sale does not close by February 20, 2022. In a declining market, it is unlikely that Unico Marine will find another purchaser willing to pay the purchase price reflected in the MOA.

10. Unico Marine has no objection to the purchase price paid by the purchaser being deposited in the Court's registry, subject to disposition by further order of the Court.

11. In order to facilitate the sale and assuage the concerns expressed by the JMB parties in their counsel's letter filed with the Court (*Dkt. No. 61*), Unico Marine will pay directly the broker's commission as well as its legal fees in relation to the sale transaction.

12. Insofar as concerns other potential lien claims against the *res*, to the best of Unico Marine's information, knowledge and belief, there are approximately $560,572.02 in outstanding balances owed to creditors who supplied necessaries to the *res* which would be entitled to claim maritime liens against the *res*.

13. The proceeds from the interlocutory sale of the *res*, if deposited in the registry of the Court will serve as an acceptable and desirable substitute for the *res* itself and would, in addition, accomplish the purpose of eliminating mounting *custodia legis* costs, diminution in value, loss of income, and the possibility of damage to the *res*.

14. The *custodia legis* costs as of today, all of which have been paid to date by Unico Marine, are approximately $283,000 and mounting by the day.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 3rd day of February 2022 at Houston, Texas.

RICCARDO VALENTINI